Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada State Bar No. 13484
Lisa M. Szyc, Esq.
Nevada State Bar No. 11726
**BACKUS | BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545
jburden@backuslaw.com
jacquelynfranco@backuslaw.com
lisaszyc@backuslaw.com
Attorneys for Defendant,
*Albertson's LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MACHELLE SINGH, individually, | **Case 2:23-cv-00436-APG-MDC** |
| Plaintiff, | |
| vs. | **PRETRIAL ORDER** |
| ALBERTSON'S LLC d/b/a ALBERTSONS, a foreign limited-liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive | **[LR II 16-3, LR II 16-4]** |
| Defendants. | |

**JOINT PRE-TRIAL ORDER**

In compliance with LR 16-3 and LR 16-4 and the Order of the Court (ECF No. 96), counsel for Plaintiff MACHELLE SINGH ("Plaintiff") and Counsel for Defendants ALBERTSON'S LLC, ("Defendants"), hereby submit the following Joint Pre-Trial Order in the above-referenced matter. Unless explicitly stated, the submission of this document does not mean acceptance or agreement with any section drafted by the opposing party.

After pretrial proceedings in this case,

IT IS SO ORDERED:

## I.
## NATURE OF THE ACTION

This is an action arising from an incident that occurred on May 17, 2020, at the Albertson's, LLC d/b/a Albertson's grocery store located at 6730 North Hualapai Way, Las Vegas, Nevada 89149 (the "Premises"). Plaintiff alleges that she was a patron at Albertson's grocery store when she slipped and fell in the produce section ("Incident") of the Premises. Defendant owned, maintained and/or operated the Premises at all times relevant to this matter. Plaintiff asserts that Defendant was negligent and that such negligence caused the Incident. Plaintiff seeks general and special damages arising from the Incident.

## II.
## STATEMENT OF JURISDICTION

This case was removed to Federal Court pursuant to 28 U.S.C. §§1441(a) and 1446 based upon diversity jurisdiction under 28 U.S.C. §§1332. During all times relevant, Plaintiff was and is a resident of Clark County, Nevada. During all times relevant, Defendant was a foreign corporation doing business in the State of Nevada. Plaintiff's alleged past medical expenses are $191,705.00. Plaintiff alleges additional damages on which her experts have rendered calculations. Moreover, Plaintiff is also claiming damages for pain and suffering. Thus, the amount in controversy is in excess of $75,000.00.

## III.
## ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

1. On or about May 17, 2020 Defendant Albertson's, LLC d/b/a Albertson's grocery owned the Premises located at 6730 North Hualapai Way, Las Vegas, Nevada 89149.
2. On May 17, 2020, Plaintiff was a patron in the subject store.
3. Defendant owed Plaintiff a duty to supervise and maintain its premises in a reasonably safe and suitable condition for its patrons, guests, invitees, and others and further to take precautions to avoid/remove the presence of dangerous conditions.

2

## IV.
## UNCONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

1. While in the store, Plaintiff was walking through the produce department.
2. There was water on the floor in the produce department near and in the area where Plaintiff was walking.
3. While walking through the produce department, Plaintiff slipped and fell.

## V.
## ISSUES TO BE TRIED

The following are issues of fact to be tried and determined upon trial:

**A. Plaintiff's Issues of Fact:**

1. The damages to Ms. Singh including without limitation, the expenses of past medical treatment, past pain and suffering, the expenses of future medical treatment and future pain and suffering.
2. Whether Defendant breached its duty to supervise and maintain its premises in a reasonably safe and suitable condition for its patrons, guests, invitees, and others and further to take precautions to avoid/remove the presence of dangerous conditions.
3. Whether Defendant breached its duty with regard to hiring, training and supervision of its employees, working on the subject day.
4. Whether Defendant's breach was a cause of Plaintiff's damages and injuries.
5. The type, nature, and scope of Ms. Singh injuries as a result of Defendant's breach.

**B. Defendant's Issues of Fact:**

1. Whether Plaintiff sustained injuries as a result of Defendant.
2. Whether Plaintiff was injured as a result of negligence of Defendant.
3. The nature and extent of injuries sustained by Plaintiff.
4. Whether the subject slip and fall was a substantial factor in legally and proximately causing Plaintiff's complained injuries.
5. Whether Plaintiff's medical expenses were necessarily incurred as a result of the Incident.

3

6. Whether such medical expenses were reasonable and customary.

7. Whether Plaintiff's future medical treatment is a direct and proximate cause of the negligence of Defendant.

8. Whether Plaintiff will be reasonably certain to incur medical expenses in the future as a result of the Subject Incident. If so, whether such future medical expenses are reasonable and customary.

9. Whether Plaintiff's past and future pain and suffering is related to her injuries as a result of negligence of Defendant.

10. Whether Plaintiff's loss of enjoyment of life is as a result of negligence of Defendant.

11. Whether Plaintiff is entitled to general damages, including pain and suffering, as a result of the Subject Incident.

12. Whether Plaintiff mitigated her injuries and damages.

13. Whether Plaintiff had a preexisting condition or disability on May 17, 2020.

## VI.
## ISSUES OF LAW

The following are issues of law to be tried and determined upon trial (each issue of law must be stated separately and in specific terms):

1. Whether the subject Incident was the proximate cause of Plaintiff's claimed damages, as well as the extent of said damages.

2. Whether Plaintiff can present sufficient evidence to meet her burden of proof.

3. Whether Defendant can present sufficient evidence for its burden of proof regarding its affirmative defenses.

4. Whether either side will be entitled to a directed verdict on any portion of the case at the conclusion of the evidence.

///

///

///

///

# VII.
# EXHIBITS

**A. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

| DOCUMENT TITLE | JOINT EXHIBIT NO. |
|---|---|
| Pueblo Medical Imaging | |
| Las Vegas Neurosurgery, Orthopedics and Rehabilitation | |
| Spring Valley Surgery Center | |
| Las Vegas Pain Institute and Medical Center | |
| Las Vegas Pain Institute and Medical Center – Films | |
| Advanced Pain Medical Group | |
| Westlake Primary and Specialty Care | |
| Community Memorial Health System | |

The undersigned parties are continuing to refine their joint exhibit list to avoid duplication and to stipulate as feasible. The parties currently reserve any objections as to foundation and admissibility.

With regard to medical bills and records disclosed by Plaintiff and Defendant, the parties stipulate each are authentic and, therefore, neither party will not be required to call the Custodian of Records to testify as to authenticity. However, Defendant does not stipulate that the medical treatments and bills are reasonable, customary, and causally related to Plaintiff's injuries at issue.

**B. As to the following additional exhibits, the parties have reached the stipulations stated:**

**1. Plaintiff's Exhibits and Defendant's Objections**

| Document Title | Bates No. | Objection |
|---|---|---|
| Complaint | | |
| 6 Colored Photographs of Incident Scene | | Authentication [FED.R.EVID. 901]<br>Hearsay [FED.R.EVID. 802]<br>Foundation [FED.R.EVID. 602] |
| 1 Colored Photograph of Injury | | Authentication [FED.R.EVID. 901]<br>Hearsay [FED.R.EVID. 802]<br>Foundation [FED.R.EVID. 602] |
| Las Vegas Pain Institute & Medical Center | | |
| Spring Valley Surgery Center | | |
| Pueblo Medical Imaging | | |
| Las Vegas Neurosurgery | | |

| Document Title | Bates No. | Objection |
|---|---|---|
| Orthopaedics | | |
| Plaintiff's Expert – David Bosch, PhD Report | | Authentication [FED.R.EVID. 901]<br>Hearsay [FED.R.EVID. 802]<br>Foundation [FED.R.EVID. 602]<br>Called for Expert Testimony [FED.R.EVID. 702] |
| Defendant's Responses to Interrogatories (first set) | | |
| Defendant's Responses to Requests for Admissions | | |

Plaintiff reserves the right to supplement this list with document identifying information as the parties determine which exhibits can be additionally stipulated to.

Defendant reserves the right to object to the aforementioned exhibits or portions thereof. Defendant reserves the right to use any and all exhibits attached to any and all depositions listed in the instant pleading under the deposition section of both Plaintiff's and Defendant's exhibits listed. Defendant also reserves the right to use any exhibits identified in any parties' list of witnesses and documents.

With this improper broad category of documents or other material being generally referenced herein as a potential exhibit to be proposed for admission at time of trial, Defendant objects to the same and reserves the right to lodge any and all objections permitted under the Federal Rules of Evidence and/or applicable law. Defendant further objects to the admission of any document or other evidence that has not been disclosed pursuant to LR 16-3(b)(8) explicitly mandating that "the lists or schedules must describe the exhibits sufficiently for ready identification."

Defendant reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of impeachment.

Defendant reserves the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case for purposes of impeachment.

6

Defendant reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purposes of rebuttal. Defendant reserves the right to offer into evidence any exhibit offered by any other parties to this action.

**2. Defendant's Exhibits and Plaintiff's Objections**

| Document Title | Bates No. | Objection |
|---|---|---|
| Surveillance | ALB00001 | |
| Photos | ALB00002-00007 | |
| Customer Incident Report | ALB00008 | |
| Store Incident Report | ALB00009-00012 | |
| Sweep Log | ALB00433-00435 | |
| McKenna Medical Record Review Report 8-8-2023 | ALB00905-00921 | Hearsay [FED.R.EVID. 802] Foundation [FED.R.EVID 602] |
| Dr. McKenna CV | *Updated/Current to be provided* | |
| Dr. McKenna Fee Schedule | *Updated/Current to be provided* | |
| Dr. McKenna Testimony List | *Updated/Current to be provided* | |
| Neil Opfer Rebuttal Report 11-8-2023 | ALB00933-00959 | Hearsay [FED.R.EVID. 802] Foundation [FED.R.EVID 602] |
| Neil Opfer CV | *Updated/Current to be provided* | |
| Neil Opfer Resume | *Updated/Current to be provided* | |
| Neil Opfer Fee Schedule | *Updated/Current to be provided* | |
| Neil Opfer Testimony List | *Updated/Current to be provided* | |
| Plaintiff's Expert – David Bosch, PhD Report | | |
| Plaintiff's Responses to Interrogatories (First Set) | | |
| Plaintiff's Responses to Interrogatories (Second Set) | | |

Defendant reserves the right to supplement this list with document identifying information as the parties determine which exhibits can be additionally stipulated to.

Plaintiff reserves the right to object to the aforementioned exhibits or portions thereof. Plaintiff reserves the right to use any and all exhibits attached to any and all depositions listed in

the instant pleading under the deposition section of both Plaintiff's and Defendant's exhibits listed. Plaintiff also reserves the right to use any exhibits identified in any parties' list of witnesses and documents.

With this improper broad category of documents or other material being generally referenced herein as a potential exhibit to be proposed for admission at time of trial, Plaintiff objects to the same and reserves the right to lodge any and all objections permitted under the Federal Rules of Evidence and/or applicable law. Plaintiff further object to the admission of any document or other evidence that has not been disclosed pursuant to LR 16-3(b)(8) explicitly mandating that "the lists or schedules must describe the exhibits sufficiently for ready identification."

Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of impeachment.

Plaintiff reserves the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case for purposes of impeachment.

Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purposes of rebuttal. Plaintiff reserves the right to offer into evidence any exhibit offered by any other parties to this action.

**C. Evidence in Electronic Format:**

The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Although it is not known at this time which exhibits will be electronically presented, the parties stipulate that they will provide electronic evidence in an electronic format compatible with the Court's electronic jury evidence display system. The parties stipulate that they will contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

1. **Plaintiff will offer the following depositions:** Plaintiff reserves the right to use depositions due to deponent unavailability, to refresh recollection and/or to impeach or for any other purpose allowed by the rules including those taken by Defendant listed below, and:
   a. Machelle Singh, Plaintiff

      b. Michael McKenna, Defendant's Expert

      c. Jocelyn Nato, Plaintiff's treating provider

      d. Gregory Earl, Albertson's Produce Manager

      e. Neil Opfer, Defendant's Expert

      f. David Bosch, Plaintiff's Expert

      g. Jody Wood, 30(b)(6) Witness for Defendant, Albertson's LLC

2. **Defendant will offer the following depositions:** Defendant does not intend to read any depositions into the record at this time but reserves the right to use depositions due to deponent unavailability, to refresh recollection and/or to impeach. The depositions in this matter include the following:

      a. Machelle Singh, Plaintiff

      b. David Bosch, Plaintiff's Expert

      c. Jocelyn Nato, Plaintiff's Treating Provider

      d. Jody Wood, 30(b)(6) Witness for Defendant Albertson's LLC

      e. Michael McKenna, Defendant's Expert

      f. Neil Opfer, Defendant's Expert

**D. Objections to Depositions:**

1. **Defendant objects to Plaintiff's depositions as follows:** Defendant objects to Plaintiff's use of deposition transcripts for anything other than unavailability of a witness, impeachment, and to refresh recollection.

2. **Plaintiff objects to Defendant's depositions as follows:** Plaintiff objects to Defendant's use of deposition transcripts for anything other than unavailability of a witness, impeachment, and to refresh recollection. Plaintiff also objects to the use of any portion of a deposition where objections were preserved prior to the Court making a ruling on such objection.

///

**E. Demonstrative Exhibits:**

The Parties reserve all appropriate objections to demonstrative exhibits for the time of trial.

### VIII.
### WITNESSES

The following witnesses may be called upon by the parties at trial:

**A.**  1.  Machelle Singh
c/o ERIK AHLANDER, ESQ.
AHLANDER INJURY LAW
9183W, Flamingo Rd., Ste. 110
Las Vegas, Nevada 89147
T: (702) 996-7400

2. Albertsons 30(b)(6) Corporate Witness
Jody Wood and/or Marc Tomeoni
c/o Jack Burden, Esq.
Backus | Burden
3050 S. Durango Dr.
Las Vegas, NV 89117
Tel: (702) 872-5555

3. Gregory Earl, Produce Manager
c/o Jack Burden, Esq.
Backus | Burden
3050 S. Durango Dr.
Las Vegas, NV 89117
Tel: (702) 872-5555

**B.    TREATING PHYSICIANS/PROVIDERS**

4.    Person(s) Most Knowledgeable and/or
Custodian of Records and/or
Las Vegas Pain Institute & Medical Center
3835 S. Jones Blvd.
Las Vegas, Nevada 89103

5.    Person(s) Most Knowledgeable and/or
Custodian of Records and/or
Spring Valley Surgery Center
3835 S. Jones Blvd.
Las Vegas, Nevada 89103

6.    Person(s) Most Knowledgeable and/or
Custodian of Records and/or
Las Vegas Neurosurgery Orthopaedics and Rehabilitation
501 S. Rancho Drive, Suite I-67
Las Vegas, NV 89106

10

      **7**.    Person(s) Most Knowledgeable and/or
            Custodian of Records and/or
            Pueblo Medical Imaging
            5495 S. Rainbow Blvd., Suite 203
            Las Vegas, NV 89118

**C.**    **RETAINED EXPERT WITNESSES**

      8.    David R. Bosch, PH.D
           FORENSIC ENGINEERING INC.
           1005 N. 50th Street, Suite 4
           Phoenix, Arizona 85008

Plaintiff reserves the right to call at trial any of the witnesses identified in Defendant's list of witnesses and any other witnesses that are otherwise permitted to testify including, but not limited to, any person not named herein for rebuttal/impeachment purposes. Plaintiff further reserves the right to call any Custodian of Records as may be necessary to testify as to the authenticity of the medical and billing records associated with Plaintiff's care and treatment. Plaintiff reserves the right to object to the foregoing and any other witnesses identified and/or called by Defendant.

    **2.**  **Defendant's Witnesses:**

      a.   Machelle Singh
          c/o ERIK AHLANDER, ESQ.
          Nevada Bar No. 9490
          AHLANDER INJURY LAW
          9183W, Flamingo Rd., Ste. 110
          Las Vegas, Nevada 89147
          T: (702) 996-7400

      b.   30(b)(6) Corporate Witness for Albertsons LLC
          c/o Jack Burden, Esq.
          3050 S. Durango Drive
          Las Vegas, Nevada 89117
          T: (702) 872-5555

      c.   Michael John McKenna, MD
          3465 W. SAHARA AVE. SUITE 111-419
          LAS VEGAS, NV 89117
          Tel: (702) 334-0260

///

///

    d. Neil D. Opfer
       Opfer Construction & Review [OPCOR] Group
       1920 Placid Ravine
       Las Vegas, NV 89117
       Tel: (702) 341-5828

Defendant reserves the right to call at trial any of the witnesses identified in Plaintiff's list of witnesses and any other witnesses that are otherwise permitted to testify including, but not limited to any person not named herein for rebuttal/impeachment purposes.

## IX.
## MOTIONS IN LIMINE

At this time, the parties have not filed any Motions in Limine. The parties reserve the right to file Motions in Limine as permitted under the Federal Rules of Civil Procedure and Local Rules of this Court.

## X.
## TRIAL DATE

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

1.     January 13, 2025

2.     January 20, 2025

3.     February 17, 2025

It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible. If not, the trial will be set at the convenience of the court's calendar.

///

///

///

///

## XI.
## TIME FOR TRIAL

It is estimated that the trial herein will take a total of **7 to 10 full judicial days**.

**APPROVED AS TO FORM BY:**

DATED this  8th  day of May, 2024.   DATED this  8th  day of May, 2024.

AHLANDER INJURY LAW                BACKUS | BURDEN

*/s/ M. Erik Ahlander*              */s/ Lisa M. Szyc*
M. ERIK AHLANDER, ESQ.              Jack P. Burden, Esq.
Nevada Bar No. 9490                 Nevada State Bar No. 6918
9183W, Flamingo Rd., Ste. 110       Jacquelyn Franco, Esq.
Las Vegas, Nevada 89147             Nevada State Bar No. 13484
T: (702) 996-7400                   Lisa M. Szyc, Esq.
erik@ahlanderinjurylaw.com          Nevada State Bar No. 11726
                                    **BACKUS | BURDEN**
                                    3050 South Durango Drive
                                    Las Vegas, NV 89117
                                    **BACKUS | BURDEN**
                                    3050 South Durango Drive
                                    Las Vegas, Nevada 89117
                                    *Attorney for Defendants*

**Case 2:23-cv-00436-APG-MDC**

## I.

## ACTION BY THE COURT

This case is set for a bench trial on the tacked calendar on January 27, 2025 at 9:00 a.m. Calendar call shall be held on January 21, 2025 at 9:00 a.m. in Courtroom 6C.

This pretrial order has been approved by the parties to this action as evidenced by the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: May 9, 2024.

_____
UNITED STATES DISTRICT JUDGE